# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEE FORREST,**

        **Plaintiff,**

        **v.**                                                    **Case No. 05-CV-01324**

**SECURED FUNDING CORPORATION,**

        **Defendant.**

## DECISION AND ORDER

On December 20, 2005, the plaintiff Lee Forrest ("Forrest") filed his complaint alleging that he received a solicitation from the defendant that violated the Fair Credit Reporting Act. On April 12, 2006, the Court entered a scheduling order for this action, and, on May 30, 2006, the defendant filed a motion for summary judgment. Before the Court now is Forrest's expedited, non-dispositive motion, filed on June 9, 2006, seeking denial of the defendant's pending motion for summary judgment. The defendant has failed to filed a response within the time frame permitted by this Court's local rules.

Forrest argues that the defendant's motion is premature because discovery is needed to fully flesh out this action's contested points. (Pl.'s R. 7.4 Expedited Non-Dispositive Mot. to Deny Def.'s Mot for Summ. J. as Premature ["7.4 Mot."] ¶ 7.) At this nascent stage, the defendant has not responded to Forrest's initial discovery requests. (*Id.* at ¶ 1.) Forrest also attacks the substance of the defendant's motion, claiming that the defendant has supported its motion with affidavits from individuals not identified in its Rule 26(a)(1) disclosures. (*Id.*

at ¶ 3.) Furthermore, Forrest contends that the defendant's motion is supported by conclusory affidavits. (*Id.* at ¶ 2.) The Court examines these arguments more closely.

Forrest cannot successfully argue that the defendant's motion is premature. For one thing, he has not provided any legal support for this position. Even Forrest's appeal to some notion of fairness is unavailing. Certainly, Forrest has an interest in conducting discovery and developing his case; the defendant has a countervailing, and equally legitimate, interest in conserving its resources by seeking dismissal at the earliest possible opportunity. These respective interests are flip sides of the same coin.

This is not to suggest that Forrest does not have options. Now aware of his adversary's arguments, Forrest may focus his initial discovery on those matters that will fend off summary judgment. Or, if he truly believes that adjudication of the pending motion will unfairly prejudice or disadvantage him, Forrest may make that argument in his responsive brief, filed in accord with this Court's summary judgment briefing schedule. As a third option, he could even ask the Court to stay a decision on the motion until he had completed certain discovery. (Of course, the defendant could likewise ask for a stay of discovery until its pending motion had been resolved.) Forrest, however, has not chosen these options, and the Court will not deny a motion for summary judgment simply because the nonmovant deems it "premature."

Forrest proffers two additional arguments. First, he claims that defendant "has presented conclusory affidavits in order to deny a true hearing on the merits." (*Id.* at ¶ 2.)

2

Second, Forrest alleges that "the defendant is practicing law by ambush, by failing to disclose these witnesses [whose statements support the pending motion for summary judgment] in its Rule 26(a)(1) report, and then filing a motion for summary judgment without even answering the plaintiff's discovery request." (*Id.* at ¶ 3.) If Forrest believes that certain information should be struck, he may either present those arguments in his response to the defendant's motion or he may file a separate motion to strike. Typically, a party supports such motions or arguments with citations to the case law and more fully developed arguments. At any rate, Forrest's arguments about the defendant's witnesses do not support his claim that the defendant's motion is premature.

In sum, the Court does not find the defendant's motion to be premature. Forrest's arguments assailing the quality or substance of the defendant's motion should be made in a response or other motion consistent with the format prescribed by this Court's local rules.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Plaintiff's Rule 7.4 Expedited, Non-Dispositive Motion to Deny Defendant's Motion for Summary Judgment as Premature (Docket No. 17) is **DENIED**.

Dated at Milwaukee, Wisconsin this 20th day of June, 2006.

                                      **BY THE COURT**

                                      s/ Rudolph T. Randa
                                      **Hon. Rudolph T. Randa**
                                      **Chief Judge**