## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**LEE FORREST,**

          Plaintiff**,**

   **-vs-**

**SECURED FUNDING CORPORATION,**

          Defendant.

Case No. 05-C-1324

## DECISION AND ORDER

Lee Forrest ("Forrest") alleges that Secured Funding Corporation ("Secured Funding") illegally obtained his consumer report in advance of mailing him a loan solicitation letter in violation of the Fair Credit Reporting Act ("FCRA"). Secured Funding has moved for summary judgment. For the reasons that follow, Secured Funding's motion is granted.

### BACKGROUND[1]

Secured Funding is a mortgage company based in Costa Mesa, California. Secured Funding sent a loan solicitation mailing to Forrest at his home in Milwaukee, Wisconsin, dated September 15, 2005. (Complaint, Docket No. 1, Exhibit A). Secured Funding obtained Forrest's name and address from a report generated by Experian, a consumer reporting agency, through Experian's INSOURCE database.

---

[1] Neither party responded to the other party's proposed findings of fact, so they are deemed admitted for purposes of this motion. Civil L.R. 56.2(b)(1).

Secured Funding uses INSOURCE reports to identify potential customers to whom it sends its non-pre-screened mailings. The INSOURCE database includes the following information: demographic information; telephone directory white pages; property/realty records, such as property deeds; product registrations and surveys; mail-order transactions; aggregated motor vehicle information; and census data.

INSOURCE reports do not contain any of the credit-based information typically found in consumer reports, such as credit scores, trade lines (i.e., past and present credit accounts) and payment history on those trade lines. Accordingly, Secured Funding does not use INSOURCE reports for the purpose of serving as a factor in establishing a consumer's eligibility for credit, and did not do so with respect to Forrest. When a recipient of one of Secured Funding's mailers responds by calling the toll-free number on the mailer and ultimately decides to apply for a loan, Secured Funding does not use INSOURCE reports, even in part, in determining whether to extend credit to the applicant. Rather, Secured Funding obtains the applicant's permission to access his or her consumer report. Secured Funding also requires the consumer to fill out an application providing pertinent information that is not available from a consumer report, such as debt-to-income ratio, employment status, and the amount of money the consumer wishes to borrow.

In contrast to INSOURCE reports, an applicant's consumer report contains the applicant's FICO score and detailed information on the applicant's credit history and "trade lines," including "revolving credit" accounts such as credit cards.

There is language on the solicitation sent to Forrest (Complaint, Exhibit A) relating to a "Prescreen and Opt-Out Notice." This language was placed on all of Secured Funding's mailings at the time without regard to whether Secured Funding actually obtained the recipient's consumer report in selecting the consumer to receive the mailing.

Experian expects INSOURCE reports to be used for direct marketing purposes, not for determining a consumer's eligibility for credit. Experian collects information for the INSOURCE database with the expectation that it will be used for direct marketing purposes, and not for determining a consumer's eligibility for credit.

The services relating to the INSOURCE database provided to Secured Funding by Experian were governed by a Master Services Agreement ("MSA"). The MSA governs "all transactions (*other than credit prescreening*) in which Experian provides any data information services to" Secured Funding. The MSA further states that "Experian Data has not been collected for credit purposes and is not intended to be indicative of any consumer's credit worthiness, credit standing, credit capacity, or other characteristics listed in Section 603(d) of the Fair Credit Reporting Act ("FCRA") . . ."

## ANALYSIS

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and

upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Forrest alleges that Secured Funding illegally obtained his "consumer report" in violation of the FCRA, 15 U.S.C. § 1681b(f). A consumer report is defined as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for –
>
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
>
> (B) employment purposes; or
>
> (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d).

Not all reports containing information on a consumer are "consumer reports" under the FCRA. The key phrase is "used or expected to be used or collected," which encompasses: (1) how the person who requests the report actually uses it, (2) how the consumer reporting agency that prepares the report "expects" it to be used, and (3) the purpose for which the consumer reporting agency originally "collected" the information contained in the report. *See Ippolito v. WNS, Inc.*, 864 F.2d 440, 449 (7th Cir. 1988).

The undisputed facts demonstrate that Secured Funding did not use the INSOURCE reports as a factor in establishing the consumer's eligibility for credit. Also, pursuant to the MSA, Experian did not expect the reports to be used for purposes of credit eligibility, nor did it collect the information for that purpose.

In response to Secured Funding's motion, Forrest cites a letter from Experian to Secured Funding, dated June 25, 2005, with respect to an order for pre-screened data labeled Project I5RI9051. However, Forrest fails to create a genuine issue of fact as to whether his mailing was part of this project. To the contrary, Kevin Reid ("Reid"), Vice President of Marketing for Secured Funding, testified that the mailing sent to Forrest was a non-pre-screened mailing which came from the INSOURCE database. (Docket No. 36, Exhibit M, Reid Dep. at 12:5-16). Forrest's mailing (Exhibit A to Complaint) also had the code (MP994-IB) assigned to the INSOURCE mail program. (*Id.* at 10:10-23). Wisconsin mailings pursuant to Project I5RI9051 contained a different code (MP979).

Further, that the letter contained a Prescreen and Opt-Out Notice does not establish that it was generated using a consumer report. Rather, this language was placed in all mailings at the time, regardless of the source of information for the particular mailing. As Reid testified, Secured Funding included the language on non-pre-screened mailings because it was "being conservative with that; so we put it on all our mailings." (*Id.* at 14:7-8).

Finally, as noted by Secured Funding, Forrest could have easily established that Secured Funding performed a pre-screen by providing a copy of his consumer report. If Secured Funding pre-screened Forrest's consumer report, his consumer report would reflect

-5-

that information.  Plaintiff's failure to provide this information, which is available for the plaintiff to access free of charge from a variety of sources (including www.transunion.com and www.equifax.com), speaks volumes about the legitimacy of his claim.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Secured Funding's motion for summary judgment [Docket No. 15] is **GRANTED**; and

2. This matter is **DISMISSED WITH PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2007.

                                            **SO ORDERED,**

                                            **s/ Rudolph T. Randa**
                                            **HON. RUDOLPH T. RANDA**
                                            **Chief Judge**